## FUNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910 *Plaintiff*, v. ENVIRONMENTAL PROTECTION AGENCY 1200 Pennsylvania Avenue, N.W. Washington, DC 20460 *Defendant.* | CIVIL ACTION NO. 23-935 **COMPLAINT** |

## **PRELIMINARY STATEMENT**

1. Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Environmental Protection Agency ("Defendant" or "EPA") to disclose documents requested pursuant to FOIA. Specifically, PEER is seeking documents regarding the Hunters Point Naval Shipyard (HPNS) Superfund site chronicling EPA's knowledge of strontium-90 testing on Parcel G of the site.

2. PEER submitted two FOIA requests in September 2022 and January 2023 seeking documents related to strontium-90 sampling and EPA sampling standards. This complaint seeks to end continued non-compliance by EPA with FOIA.

3. To date, Defendant has failed to make a final determination on Plaintiff's FOIA requests or to disclose to Plaintiff all of the requested documents within the time stipulated under FOIA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C., and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Massachusetts, Minnesota, New York, and Tennessee.

9. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and

informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

10. Defendant EPA is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

11. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. Defendant's refusal to provide Plaintiff with the records requested or make a final determination on Plaintiff's FOIA requests within 20 working days of September 15, 2022, and January 6, 2023, are violations of FOIA.

## STATEMENT OF FACTS

*First Request: Parcel G strontium-90 retesting and testing procedures*

12. On September 15, 2022, PEER submitted a FOIA request to EPA seeking:

> 1. Records reflecting the referenced strontium-90 sampling results, including the specific levels of strontium-90 detected and the precise location of each sample;
>
> 2. The Parcel G strontium-90 sampling plan and methodology used to take those existing measurements, and the sampling plan and methodology being employed for the "updated method" designed for "more precise and certain results";
>
> 3. Communications related to the Navy's announced conclusion that re-analysis of these samples was appropriate and/or why the reported results lacked precision or certainty, as well as records reflecting whether EPA agreed with the Navy's conclusion;
>
> 4. Any records describing the "updated method" of analyzing these samples and detailing why this method would yield "more precise and certain results", including any records indicating why this new or revised method might in fact not yield more precise and certain results;

     5.     All communications with the Navy in the last 12 months regarding strontium-90 sampling, including communications concerning the need for and approval of updated methods for analyzing these soil samples;

     6.     Records reflecting EPA's most recent position on what the background levels of strontium-90 are and should be used in the HPNS cleanup, including any records reflecting whether EPA disagreed with the Navy's purported background values for stontium-90 and if so, why; and

     7.     Documents created or forwarded in the last 12 months describing all possible sources of strontium-90 on Parcel G.

     PEER submitted an identical FOIA request dated November 15, 2021. By this request, we seek only records generated after November 15, 2021.

13. EPA assigned that FOIA request tracking number EPA-2022-006638.

14. EPA changed the tracking number to EPA-R9-2022-006638 after EPA assigned the FOIA request to EPA Region 9.

15. On September 27, 2022, EPA fully granted PEER's fee waiver request.

16. On September 23, 2022, EPA invoked "unusual circumstances" in order to trigger an extension of the normal 20-day statutory deadline for response. In that communication EPA stated: "it is difficult to predict with certainty when EPA will be able to complete its response to the request. However, at this time, EPA estimates that it will be able to complete this request by January 17, 2023. If circumstances change, we will provide you with an update."

17. On December 13, 2022, EPA further extended the expected date of production for EPA-R9-2022-006638 to June 7, 2023.

18. PEER has yet to receive any responsive records or a final determination on FOIA Request EPA-R9-2022-006638.

*Second Request: Updated Parcel G strontium-90 retesting and testing procedures*

19. On January 6, 2023, PEER submitted a FOIA request to EPA seeking substantially the same records, concluding with the explanation: "PEER submitted an identical FOIA request dated September 15, 2022. By this request, we seek only records generated after September 15, 2022."

20. EPA assigned PEER's FOIA request the tracking number EPA-2023-001624 in a confirmation it delivered to PEER on January 6, 2022.

21. EPA changed the tracking number to EPA-R9-2023-001624 after EPA assigned the FOIA request to EPA Region 9.

22. On January 19, 2023, EPA fully granted PEER's fee waiver request.

23. On January 27, 2023, EPA invoked "unusual circumstances" in a letter that also discussed PEER's other FOIA requests pending before EPA Region 9. In that communication EPA estimated that the completion date for EPA-R9-2023-001624 would be December 6, 2023.

24. PEER has yet to receive any responsive records or a final determination on FOIA Request EPA-R9-2023-001624.

## CAUSE OF ACTION

25. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

26. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a

"profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

27. FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

28. Twenty working days from September 15, 2022, (the date PEER submitted its first FOIA request) was October 14, 2022, while twenty working days from January 6, 2023, (the date PEER submitted its second FOIA request) was February 6, 2023.

29. With an additional ten working days for "unusual circumstances," those two dates are October 28, 2022, and February 21, 2023, respectively.

30. As of the date of this filing, Plaintiff has not received a final determination on either its two FOIA requests.

31. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its September 2022 and January 2023 FOIA requests, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

32. Defendant's conduct amounts to a denial of Plaintiff's FOIA requests. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding EPA actions and policies concerning HPNS and strontium-90.

33. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA requests, as well as other appropriate relief, including attorneys' fees and costs.

34. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA requests within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on April 5, 2023,

/s/ *Hudson Kingston*
Hudson B. Kingston, DC Bar # 1007702

Colleen Teubner, DC Bar # 90003410

Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
*Attorneys for Plaintiff*