UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 23-0935 (CRC) |
| ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) | |
| Defendant. | ) ) ) | |

## ANSWER

The United States Environmental Protection Agency ("Defendant"), by and through undersigned counsel, respectfully submits this Answer to the Complaint filed by Plaintiff Public Employees for Environmental Responsibility ("Plaintiff"). All allegations not specifically admitted are denied.

## PRELIMINARY STATEMENT[1]

1.      This paragraph contains Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

2.      Defendant admits that Plaintiff submitted a FOIA request in September 2022 and another FOIA request in January 2023. The remainder of the first sentence in this paragraph characterizes Plaintiff's FOIA requests. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA requests and denies any allegations inconsistent

---

[1] For ease of reference, Defendant refers to Plaintiff's headings in its Complaint. To the extent a heading could be construed as an allegation, Defendant denies the allegation.

therewith. The second sentence in this paragraph contains Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendant denies the allegations in the second sentence of this paragraph.

3.    Defendant admits only that it has not made a final determination on Plaintiff's FOIA requests. Defendant denies the remaining allegations in this paragraph. Defendant further avers that it has extended response deadlines for each of the requests in accordance with FOIA and applicable EPA regulations and that it has provided Plaintiff with estimated dates of completion for each of the requests.

## JURISDICTION AND VENUE

4.    This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

5.    This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 28 U.S.C. § 2201 for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

6.    This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district.

7.    This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(4)(E) for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

## PARTIES

8.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

11.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552 for a complete and accurate statement of its duties under FOIA and denies the remaining allegations.

## STATEMENT OF FACTS

*First Request: Parcel G strontium-90 retesting and testing procedures*

12.     Defendant admits that Plaintiff submitted a FOIA request to Defendant on September 15, 2022. Defendant respectfully refers the Court to that FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

13.     Defendant admits the allegations in this paragraph.

14.     Defendant admits the allegations in this paragraph.

15.     Defendant admits the allegations in this paragraph.

16.     This paragraph refers to a letter from Defendant dated September 23, 2022 and emailed to Plaintiff on the same date, regarding Plaintiff's FOIA request assigned tracking number EPA-R9-2022-006638. Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

17.     This paragraph refers to a letter from Defendant, dated December 13, 2022 and emailed to Plaintiff on the same date, regarding Plaintiff's FOIA request assigned tracking number EPA-R9-2021-006638. Defendant admits that it sent the letter and respectfully refers the Court to the letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

18.     Defendant admits the allegations in this paragraph.

*Second Request: Updated Parcel G strontium-90 retesting and testing procedures*

19.     Defendant admits that Plaintiff submitted a FOIA request to Defendant on January 6, 2023. Defendant respectfully refers the Court to that FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

20.     Defendant admits the allegations in this paragraph.

21.     Defendant admits the allegations in this paragraph.

22.     Defendant admits the allegations in this paragraph.

23.     This paragraph refers to a letter from Defendant, dated January 27, 2023 and emailed to Plaintiff on the same date, regarding Plaintiff's FOIA request assigned tracking number EPA-R9-2023-001624. Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

24.     Defendant admits the allegations in this paragraph.

**<u>CAUSE OF ACTION</u>**

25.     Defendant incorporates by reference its responses to paragraphs 1-24.

26.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552 and to the

Presidential memorandum cited in this paragraph for complete and accurate statements of their contents and denies any allegations inconsistent therewith.

27.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA provisions cited in this paragraph and denies any allegations inconsistent therewith.

28.     Defendant admits the allegations in this paragraph.

29.     Defendant admits that ten (10) working days after October 14, 2022 was October 28, 2022 and that ten (10) working days after February 6, 2023 was February 21, 2023. The first part of this sentence contains a legal conclusion to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(6)(B) and denies any allegations inconsistent therewith.

30.     Defendant admits that it has not completed final determinations on the two FOIA requests that are subject of this Complaint.

31.     The first sentence in this paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited provision of FOIA and denies any allegations inconsistent therewith. The second sentence in this paragraph contains a legal conclusion to which no response is required. To the extent a response is required, this allegation is denied.

32.     The first sentence in this paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

33.     This paragraph contains a legal conclusion and Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

34.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## RELIEF REQUESTED

The allegations in paragraphs i. through v. following the "Wherefore" clause under the "Relief Requested" section of the Complaint assert Plaintiff's requested relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

### First Defense

Defendant properly notified Plaintiff of unusual circumstances and extended the time limits for processing these requests in accordance with the requirements of 5 U.S.C. § 552(a)(6)(B) and 40 C.F.R. § 2.104(e).

### Second Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceeds the relief authorization under the FOIA.

### Third Defense

Plaintiff is not entitled to compel the release of records exempt from disclosure under the FOIA.

### Fourth Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Fifth Defense

Plaintiff fails to reasonably describe the records sought.

Dated: June 13, 2023
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/_____

    KENNETH ADEBONOJO
    Assistant United States Attorney
    601 D Street, N.W. – Civil Division
    Washington, DC 20530
    (202) 252-2562
    Kenneth.Adebonojo@usdoj.gov

*Attorneys for the Defendant*